IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 06 0152 |
| v. ) | |
| ) | FILED |
| DOUGLASS MANAGEMENT INC. and ) | |
| DIANE DOUGLASS, ) | JAN 3 0 2006 |
| ) | |
| Defendants. ) | NANCY MAYER WHITTINGTON, CLERK |
| ) | U.S. DISTRICT COURT |

CONSENT ORDER

I. INTRODUCTION

A. Background

1.   This Consent Order is entered between the United States of America, Defendant Douglass Management Inc., and Diane Douglass (referred to herein as "Defendants").

2.   This action is brought to enforce the provisions of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act" or "the Act"), 42 U.S.C. §§ 3601 et seq. The United States alleges that Douglass Management Inc. and Diane Douglass, the manager and leasing agent of the Sulgrave Manor Apartments respectively, refused to make reasonable accommodations for persons with disabilities in violation of Section 804(f)(1)–(f)(3)(B) of the Act. See 42 U.S.C. § 3604(f)(1)–(3)(B).

3.   Defendant Douglass Management Inc. had a policy of refusing to allow residents at the Sulgrave Manor Apartments to keep pets, including dogs.

4. In July 2005, the United States Department of Justice conducted a series of tests to evaluate the Defendants' compliance with the Fair Housing Act. The testing undertaken by the United States found a violation in Defendants' housing practices on the basis of disability at the Sulgrave Manor Apartments by refusing to make a reasonable accommodation in the Defendants' no-pet policy when such accommodations may be necessary to afford a person with a handicap, such as persons who require the assistance of guide dogs, equal opportunity to use and enjoy a dwelling.

5. The United States and Defendants (hereinafter, "the Parties") agree that Sulgrave Manor is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

**B. Defendants**

6. Defendant Douglass Management Inc., is incorporated under the laws of the District of Columbia, has its principal place of business in the District of Columbia, and is engaged in the operation and renting of multifamily dwellings in the District of Columbia, including the Sulgrave Manor Apartments, a 52-unit residential apartment complex located at 5130 Connecticut Ave., NW, Washington, D.C.

7. Defendant Douglass Management Inc. manages the Sulgrave Manor Apartments, a 52-unit residential apartment complex located 5130 Connecticut Ave., NW, Washington, D.C.

8. Defendant Diane Douglass participates or has participated in the renting of dwelling units at the Sulgrave Manor Apartments on behalf of Defendant Douglass Management Inc., and is the registered agent for Douglass Management Inc.

**C. Relevant Requirements of the Fair Housing Act**

9. The Fair Housing Act provides that it is unlawful to refuse, in connection with the sale or rental of a dwelling, to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling. See 42 U.S.C. § 3604(f)(3)(B).

**D. Consent of the Parties to Entry of this Order**

10. The Parties agree that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1345 and 42 U.S.C. § 3614(a). The Parties further agree that the instant controversy should be resolved without further proceedings and without an evidentiary hearing.

11. The Defendants deny the allegations contained in the United States' complaint and enter into this Consent Order in recognition of the costs of potential litigation.

12. As indicated by the signatures appearing below, the Parties agree to entry of this Consent Order.

**It is hereby ADJUDGED, ORDERED and DECREED:**

## II. GENERAL INJUNCTION

13. Defendants, their agents, employees, and all other persons in active concert or participation with them, are enjoined from:

   (a) discriminating in the sale or rental, or from otherwise making unavailable or denying a dwelling to any buyer or renter because of a handicap as prohibited by the Fair Housing Act, 42 U.S.C. § 3604(f)(1);

   (b) discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with

such dwelling, because of a handicap as prohibited by the Fair Housing Act, 42 U.S.C. § 3604(f)(2); and

(c) refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling as required by the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B).

### III. REASONABLE ACCOMMODATION POLICY

14. Within sixty (60) days after the date of entry of this Decree, and subject to approval by the United States, Defendants shall adopt and implement specific, uniform, and objective written standards and procedures for receiving and handling requests made by people with disabilities for reasonable accommodations. These standards shall comply with the requirements of 42 U.S.C. §§ 3601 *et seq.*, and include the following provisions:

    (a) Defendants shall inform all applicants and occupants of the Sulgrave Manor Apartments that they may request reasonable accommodations of Defendants' rules, policies, practices, and services. Prior to lease execution, if prospective tenants inquire about reasonable accommodations, Defendants will inform them of their ability to seek reasonable accommodations.

    (b) Defendants shall use the following forms: Request for Reasonable Accommodation ("Request Form") (Appendices A and B); and Approval or Denial of Reasonable Accommodation Request Form ("Approval Form") (Appendix C). Oral requests for Reasonable Accommodations will be recorded by the Property Manager using the form in Appendix B.

(c) Defendants shall keep written records of each request for reasonable accommodation it receives during the duration of this Consent Decree. These records shall include: (a) the name, address, and telephone number of the person making the request; (b) the date on which the request was received; (c) the nature of the request; (d) whether the request was granted or denied; and (e) if the request was denied, the reason(s) for the denial.

(d) Upon adopting specific, uniform, and objective written standards and procedures for receiving and handling requests made by people with disabilities for reasonable accommodations, Defendants shall provide written notice, in a form substantially equivalent to Appendix D attached hereto, of those standards to each current and future Sulgrave Manor tenant.

(e) Defendants shall post the Reasonable Accommodation Policy by which a tenant may request a reasonable accommodation in the leasing office in a conspicuous location, easily viewable to tenants and prospective tenants.

15. If Defendants propose to change these standards and procedures, they shall first notify the United States and provide a copy of the proposed changes. If the United States does not deliver written objections to Defendants within 60 days after receiving the proposed changes, the changes may be effected. If the United States makes any objections to the proposed changes within the 60-day period, the specific changes to which the United States objects shall not be effected until the objections are resolved.

### IV. COMPENSATION OF AGGRIEVED PERSONS

16. Within 30 days of the entry of this Order, the Defendants shall deposit in an interest-bearing escrow account the total sum of $25,000 for the purpose of compensating any aggrieved persons who may have suffered as a result of the Defendants' failure to make reasonable accommodations for persons with disabilities in compliance with the Fair Housing Act. This money shall be referred to as "the Settlement Fund."

17. Any interest accruing to the Settlement Fund shall become a part of the Settlement Fund and be utilized as set forth in this document.

18. Within 15 days of the entry of this Order, the Defendants shall publish the Notice to Potential Victims of Housing Discrimination ("Notice") at Appendix E informing readers of the availability of compensatory funds. The Notice shall be no smaller than three columns by six inches and shall be published on three occasions in each of the Washington Post, the Washington Times, and the Washington City Paper for a total of nine publications. The publication dates shall be separated from one another by at least 21 days, and at least two of the publication dates shall be a Sunday. The final publication date shall be no later than 75 days from the entry of this Order. Within 10 days of the final publication date, the Defendants shall provide copies of the pages from the newspapers containing the Notice to counsel for the United States.

19. Within 15 days of the entry of this Order, the Defendants shall send a copy of the Notice to Potential Victims of Housing Discrimination to the American Council of the Blind, 1155 15th St., N.W., Suite 1004, Washington, D.C. 20005; (202) 467-5085, and to the American Foundation for the Blind, 820 First Street, N.E., Suite 400, Washington, D.C.

20002; (202) 408-0200. Defendants shall provide proof of mailing to counsel for the United States.

20. The United States shall investigate the claims of allegedly aggrieved persons and, within 180 days from the entry of this Order, shall make a preliminary determination of which persons are aggrieved and an appropriate amount of damages that should be paid to each such person. The United States will inform Defendants in writing of its preliminary determinations, together with a copy of a sworn declaration from each aggrieved person setting forth the factual basis of the claim. Defendants shall have 14 days to review each declaration and provide to the United States any documents or information that they believe may refute the claim.

21. After receiving Defendants' comments, the United States shall submit its final recommendations to the Court for approval, together with a copy of the declarations and any additional information submitted by Defendants. When the Court issues an order approving or changing the United States' proposed distribution of funds for aggrieved persons, Defendants shall, within 10 days of the Court's order, deliver to the United States checks payable to the aggrieved persons in the amounts approved by the Court. In no event shall the aggregate of all such checks exceed the sum of the Settlement Fund, including accrued interest. No aggrieved person shall be paid until he/she has executed and delivered to counsel for the United States the release at Appendix F.

22. After the satisfaction of paragraphs 13–17, above, and the corresponding time periods have expired, any money remaining in the Settlement Fund shall be released to the Defendants.

23. Defendants shall permit the United States, upon reasonable notice, to review any records that may facilitate its determinations regarding the claims of allegedly aggrieved persons.

24. Nothing in this section shall preclude the United States from making its own efforts to locate and provide notice to potential aggrieved persons.

## V. EDUCATIONAL PROGRAM

25. Within 30 days of the entry of this Order, Defendants shall provide a copy of this Order to all agents and supervisory employees involved in the rental, management, or operation of dwelling units and secure a signed statement from each agent or employee acknowledging that he or she has received and read the Order, and has had an opportunity to have questions about the Order answered. This statement shall be substantially in the form of Appendix G.

26. During the term of this Order, within 30 days after the date he or she commences an agency or employment relationship with Defendants, each new agent or supervisory employee involved in the rental, management, or operation of the Sulgrave Manor Apartments shall be given a copy of this Order and be required to sign the statement acknowledging that he or she has received and read the Order, and had an opportunity to have questions about the Order answered. This statement shall be substantially in the form of Appendix G.

27. Within 90 days of the date of entry of this Consent Decree, Defendants and all employees and agents whose duties, in whole or in part, involve supervisory authority over the rental, management, or operation of the Sulgrave Manor Apartments shall undergo training on the requirements of the Fair Housing Act. The training shall be conducted by

a qualified third-party, who is unconnected to Defendants or their employees, agents or counsel, and approved by the United States. All expenses associated with this training shall be borne by Defendants. Defendants shall provide to the United States, within thirty 30 days after the training, the name(s), addresses(es) and telephone number(s) of the trainer(s); copies of the training outlines and any materials distributed by the trainers; and certifications executed by each Defendant and covered employees and agents confirming their attendance, in a form substantially equivalent to Appendix H.[1]

## VI.  NOTICE OF DEFENDANTS' NON-DISCRIMINATION POLICY

28. For the duration of this Consent Order, in all future advertising in newspapers, and on pamphlets, brochures and other promotional literature regarding the Sulgrave Manor Apartments and any additional rental dwellings that Defendants may acquire, manage, or operate, they shall place, in a conspicuous location, the federal Fair Housing Poster, no smaller than 10 by 14 inches, as described by 24 C.F.R. 110.15 and 110.25, indicating that all dwellings are available for rental on a non-discriminatory basis.

29. For the duration of this Consent Order, in all future advertising in newspapers where the advertisement is more than 2 square inches, on pamphlets, brochures and other promotional literature, and on any internet website regarding Sulgrave Manor or any multifamily rental dwellings that Defendants may acquire, manage, or operate, Defendants

---

[1] For purposes of this Order, all submissions to the United States or its counsel should be submitted via facsimile, 202-514-1116, and via overnight delivery, to: Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, Attn: DJ# 175-16-123, Fax: 202-514-1116, or as otherwise directed by the United States. For documents exceeding 30 pages, the first 30 pages shall be sent via facsimile and the complete document shall be sent via overnight service.

shall place, in a conspicuous location, a statement that the dwelling units are available for rental on a non-discriminatory basis.

### VII. NOTIFICATION AND DOCUMENT RETENTION REQUIREMENTS

30. Within 60 days after the entry of this Decree, Defendants shall submit an initial report containing the signed statement verifications of attendance for Defendant, employees, and agents who have completed the education training program specified in Section V of this Consent Order. Thereafter, during the term of this Order, Defendants shall, one (1) year after its entry and each year thereafter, submit to the United States a report containing the signed statements of new employees and agents verifying that, in accordance with paragraphs 24–25 of this Order, they have received and read the Order and had an opportunity to have questions about the Order answered, except that the last report shall be submitted 60 days before the expiration of this Order.

31. For duration of this Order, Defendants are required to preserve all records related to this Consent Order. Upon reasonable notice to Defendants, representatives of the United States shall be permitted to inspect and copy any such records or to inspect any developments or residential units under their control bearing on compliance with this Consent Order at any and all reasonable times, provided, however, that the United States shall endeavor to minimize any inconvenience to Defendants from such inspections.

32. For the duration of this Order, Defendants shall advise counsel for the United States in writing within 15 days of receipt of any formal or informal complaint against them, their employees or agents, regarding housing discrimination on the basis of disability under the Act. Defendants shall also promptly provide the United States all information that the

United States may request concerning any such complaint. Within 15 days of the resolution of any such complaints, Defendants shall advise counsel of the United States of such resolution.

## VIII. CIVIL PENALTY

33. Defendant Douglass Management Inc. will pay to the United States a civil penalty pursuant to 42 U.S.C. § 3614(d)(1)(C) in the amount of $20,000. Said sum shall be paid within 30 days of the date of entry of this Order by submitting to the United States a check made payable to the United States of America.

## IX. DURATION OF ORDER AND TERMINATION OF LEGAL ACTION

34. This Consent Order shall remain in effect for 3 years after the date of its entry. By consenting to entry of this Decree, the United States and Defendants agree that in the event Defendants engage in any future violation(s) of the Fair Housing Act, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

35. The Court shall retain jurisdiction for the duration of this Consent Order to enforce the terms of the Order, after which time the case shall be dismissed with prejudice. The United States may move the Court to extend the duration of the Order in the interests of justice.

36. The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Order prior to bringing such matters to the Court for resolution. However, in the event of a failure by Defendants to perform in a timely manner any act required by this Order or otherwise to act in conformance with any

provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed, and an award of any damages, costs, and reasonable attorneys' fees which may have been occasioned by the violation or failure to perform.

## X. TIME FOR PERFORMANCE

37. Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the United States and the relevant Defendants.

## XI. COSTS OF LITIGATION

38. Each party to this litigation will bear its own costs and attorneys' fees associated with this litigation.

## XII. COUNTERPARTS

39. This Consent Order may be executed in one or more counterparts, each of which shall be deemed an original, and all of which together shall constitute the same instrument.

SO ORDERED this __30th__ day of __January__, 2006.

_____
UNITED STATES DISTRICT COURT JUDGE

The undersigned apply for and consent to the entry of this Order:

*For the United States:*
WAN J. KIM
Assistant Attorney General

_____
STEVEN H. ROSENBAUM, Chief

DC Bar No. 417585
NICOLE PORTER, Deputy Chief
SEAN R. KEVENEY, Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
Housing and Civil Enforcement Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Tel: (202) 514-4838; Fax: (202) 514-1116
E-Mail: Sean.R.Keveney@usdoj.gov

*For Defendant Douglass Management Inc.*

_____
JOHN DOUGLASS
5130 Connecticut Ave., NW
Washington, D.C. 20008-2006


*For Defendant Diane Douglass*

_____
DIANE DOUGLASS
5130 Connecticut Ave., NW
Washington, D.C. 20008-2006